# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **WILKINSON HOSPITALITY, LLC** ) | CASE NO. |
| 4827 Wilkinson Lane, ) | |
| Manvel, Texas 77578, ) | JUDGE: |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **COMPLAINT** |
| ) | |
| **MENTOR HOSPITALITY, LLC** ) | |
| **c/o Kiran C. Patel**, Registered Agent ) | |
| 7701 Reynolds Road, ) | |
| Mentor, Ohio 44060 ) | |
| ) | |
| Defendant. ) | |

NOW COMES Plaintiff Wilkinson Hospitality, LLC ("Wilkinson," or "Plaintiff"), by and through undersigned counsel, and for its Complaint hereby states and alleges as follows:

## THE PARTIES

1. Wilkinson is a Texas limited liability company authorized to do business in Texas, among other states, with its principal place of business located in Manvel, Texas.

2. Defendant Mentor Hospitality, LLC ("Defendant", and collectively with Wilkinson, the "Parties") is an Ohio limited liability company authorized to do business in Ohio, with its principal place of business located in Mentor, Ohio.

## JURISDICTION AND VENUE

3. This Court possesses diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because: (i) Wilkinson was formed in, and its principal place of business is located in, the State of Texas; (ii) the member of Wilkinson is a citizen of Texas; (iii) Defendant was formed in, and has its principal places of business located in, the State of Ohio; and (iv) the amount in controversy exceeds $75,000.00.

4. The federal courts of Ohio and Texas each possess subject matter and personal jurisdiction over this case.

5. This Court possesses personal jurisdiction over Defendant because its principal place of business located in the State of Ohio.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3), as this Court has personal jurisdiction over Defendant.

## FACTUAL BACKGROUND

7. On or about January 8, 2025 (the "Effective Date"), Wilkinson entered into a written purchase contract with Defendant (the "Contract"). A copy of the original Contract is attached hereto as **Exhibit 1** and is incorporated herein by reference.

8. The subject matter of the Contract involves the proposed sale of certain real and personal property located at 7701 Reynolds Rd., Mentor, Ohio 44060 (the "Property").

9. Under the Contract, Wilkinson agreed to purchase the Property from Defendant, and Defendant agreed to sell the Property to Wilkinson, for a certain purchase price.

10. Commencing on the Effective Date and continuing for seventy-five (75) days thereafter, the Contract permits Wilkinson to enter upon and review the Property for purposes of conducting any studies, examinations, or inspections of the Property deemed necessary by Wilkinson (the "Review Period").

11. The Contract stipulates that the Parties were required to close on the purchase and sale of the Property (the "Closing") within fifteen (15) days after the later of the (i) expiration of the Financing Contingency Period (defined hereunder) and (ii) satisfaction or Wilkinson's waiver of certain conditions precedent.

12. Wilkinson made the following deposits, collectively comprising the "Earnest Money Deposit":

  i. the "Initial Deposit" of $200,000;

  ii. a "Second Deposit" of $100,000; and

  iii. two separate additional deposits of $100,000 each.

13. In addition to certain conditions precedent, Wilkinson's obligation to close under the Contract was subject to and conditioned upon Wilkinson's good faith efforts to apply for and obtain financing to finance the purchase of the Property (the "Financing Contingency").

14. The Contract stipulates that if Wilkinson did not satisfy the Financing Contingency within the Review Period (the "Financing Contingency Period"), Wilkinson, in its sole discretion, had the right to terminate the Contract by providing written notice to Defendant at any time prior to the expiration of the Financing Contingency Period. In such a case, the Contract further stipulates that the Earnest Money Deposit is to be immediately returned to Wilkinson and each of the Parties would be relieved from further liability to the other.

15. Additionally, the Contract stipulates that the Earnest Money Deposit was to be returned to Wilkinson if the Closing did not occur for certain reasons, including the failure of a condition precedent, as defined and provided for in the Contract.

16. On or about March 23, 2025, the Parties executed a first amendment to the Contract (the "First Amendment"). A copy of the First Amendment is attached hereto as **Exhibit 2** and is incorporated herein by reference.

17. On or about June 9, 2025, the Parties executed a second amendment to the Contract (the "Second Amendment"). A copy of the Second Amendment is attached hereto as **Exhibit 3** and is incorporated herein by reference.

18. The Second Amendment stipulates that, commencing on June 9, 2025, Wilkinson is granted an additional forty-five (45) day extension to the Financing Contingency Period, thereby expiring on July 24, 2025.

19. Despite its best efforts, Wilkinson was unable to obtain financing sufficient to satisfy the Financing Contingency within the Financing Contingency Period.

20. On or about July 21, 2025, Wilkinson notified Defendant via email that pursuant to the terms of the Contract, Wilkinson elected to terminate the Contract effective immediately due to the failure to satisfy the Financing Contingency (the "Termination Letter"). A copy of the Termination Letter is attached hereto as **Exhibit 4** and is incorporated herein by reference.

21. The Termination Letter demanded that Defendant instruct the Title Company to release and return the entire Earnest Money Deposit ($500,000) to Wilkinson.

22. The Termination Letter was sent to Defendant, and was received by Defendant, prior to the expiration date of the Financing Contingency Period of July 24, 2025.

23. Despite receiving the Termination Letter, Defendant failed to authorize the Title Company to release the Earnest Money Deposit to Wilkinson.

24. Furthermore, on July 21, 2025, Defendant instructed the Title Company to withhold the entire Earnest Money Deposit from Wilkinson, asserting that it belongs to Defendant instead.

25. As a result of Defendant's actions, Defendant has unjustly retained the Earnest Money Deposit owed to Wilkinson and has unjustly prevented the Title Company from returning the Earnest Money Deposit to Wilkinson.

26. As of the date of the filing of this lawsuit, Wilkinson has not been returned the Earnest Money Deposit.

27.     Pursuant to the terms of the Contract, a breach of the Contract entitles Wilkinson to reimbursement from Defendant for all of Wilkinson's out-of-pocket costs in connection with the Contract, including, without limitation, all due diligence costs, third-party costs and expenses, bank application fees, franchise application fees, PIP fees, appraisal fees, and attorney's fees incurred by Wilkinson in connection with the Contract.

## COUNT ONE
(Breach of Contract)

28.     Wilkinson hereby restates each and every allegation, whether set forth above or below, as if fully restated herein.

29.     The Contract constitutes a valid and enforceable agreement between Wilkinson and Defendant.

30.     Wilkinson performed in accordance with the terms of the Contract and fulfilled its obligations pursuant to the Contract. Specifically, Wilkinson deposited the Earnest Money Deposit to the Title Company in accordance with the applicable terms and conditions of the Contract, made good faith efforts to satisfy the Financing Contingency, and properly notified Defendant of its option to terminate the Contract when it could not satisfy the Financing Contingency.

31.     Defendant has materially breached the Contract by refusing to return the Earnest Money Deposit to Wilkinson and/or either preventing or refusing to authorize the Title Company to release the Earnest Money Deposit to Wilkinson despite Defendant knowing it is not entitled to the Earnest Money Deposit under the terms of the Contract.

32.     As a direct and proximate cause of Defendant's breaches of contract, Wilkinson has suffered damages.

33.     Pursuant to the terms of the Contract, Defendant owes the sum of $500,000, that amount comprising the Earnest Money Deposit, plus all of Wilkinson's out-of-pocket costs in

connection with the Contract, including, without limitation, all due diligence costs, third-party costs and expenses, bank application fees, franchise application fees, PIP fees, appraisal fees, and attorney's fees incurred by Wilkinson in connection with the Contract.

WHEREFORE, Plaintiff Wilkinson Hospitality, LLC prays for judgment against Defendant Mentor Hospitality, LLC for compensatory damages in the amount of $500,000, out-of-pocket costs in connection with the Contract, including, without limitation, all due diligence costs, third-party costs and expenses, bank application fees, franchise application fees, PIP fees, appraisal fees, and attorney's fees, plus pre-judgment interest and post-judgment interest, plus all costs and expenses, and for such other and further relief that this Court deems equitable and just, including but not limited to the costs of this action.

Respectfully submitted,

*/s/ Justin M. Alaburda*
Justin M. Alaburda (0082139)
Daniel J. Rudary (0090482)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, Ohio 44308
(330) 253-5060 / Fax: (330) 253-1977
jmalaburda@bmdllc.com
djrudary@bmdllc.com
jastump@bmdllc.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff, Wilkinson Hospitality, LLC, demands a trial by jury on all issues and claims raised herein.

/s/     *Justin M. Alaburda*
*Counsel for Plaintiff*

4927-2353-2138, v. 1